ELIZABETH A. HANKINS

v.

MUTUAL BENEFIT LIFE INSURANCE COMPANY ET AL.

MOTION FOR NEW TRIAL.—In this cause a motion for re-hearing was made, based upon the affidavit of defendant's attorneys, setting forth that the testimony on part of the defendants was in the form of depositions, which were not on file at the time the cause was heard, and showing what the testimony was, and also that there was an understanding between the attorneys for both parties, that owing to a conflict as to the time for holding court in Bond county, the cause would not be tried. *Held*, the testimony stated in the affidavit was material and in the absence of any sworn contradiction of the facts in the affidavit as to the understanding between the attorneys, the court should have granted a re-hearing.

ERROR to the Circuit Court of Bond county; the Hon. W. H. SNYDER, Judge, presiding. Opinion filed August 1, 1879.

Mr. E. M. ASHCRAFT and Mr. B. W. HENRY, for plaintiff in error; that the assignee of the policy, having no insurable interest, could not recover, cited Ruse v. Mut. Ben. Life Ins. Co. 23 N. Y. 516; 3 Kent's Com. 462; May on Insurance, § 107; Bliss on Life Insurance, § 31; Guar. Mut. Life Ins. Co. v. Hogan, 80 Ill. 35; State v. Winner, 17 Kan. 198; Franklin Ins. Co. v. Haggard, 41 Ind. 116; Franklin Ins. Co. v. Sefton, 53 Ind. 338; Mo. Valley Life Ins. Co. v. Sturgess, 18 Kan. 93.

There was no consideration for the assignment: Cabot v. Haskins, 3 Pick. 83; Logan v. Mathews, 6 Pa. St. 417; Gould v. Armstrong, 2 Hall 266; Conturin v. Hastie, 5 H. L. Cas. 673; Gough v. Findon, 7 Exch. 48.

Mr. D. H. KINGSBURY and Mr. W. STOKER, for defendants in error; that a creditor has an insurable interest, cited Norwood v. Guerdon, 60 Ill. 253; Pomeroy v. Manhattan Life Ins. Co., 40 Ill. 399; Hudson v. Merrifield, 51 Ind. 29; Angell on Fire Insurance, § 299; May on Insurance, § 107.

The contract is governed by the laws of Illinois: Pomeroy v. Manhattan Life Ins. Co. 40 Ill. 399.

Hankins v. Mutual Benefit Life Ins. Co.

CASEY, J.   This was a bill in chancery, filed in the Circuit Court of Bond county, by the Mutual Benefit Life Insurance Company, against appellant and Leander Yarbrough.   The bill alleged in substance that the complainant had, in the lifetime of appellant's husband, issued a paid-up policy on his life in favor of appellant, for the sum of eight hundred and fifty dollars; that appellant's husband was dead; that appellant and Leander Yarbrough claimed to be the owner of said policy.   The insurance company brings the money into court, and prays that the court may determine which of the said parties is entitled to the said sum of money.

The case was heard in the court below in the absence of appellant, her deposition and her counsel.   The court entered a decree requiring the complainant to pay the amount due on said insurance policy to the defendant, Leander Yarbrough. On the same day, and in an hour after the trial, the counsel for appellant appeared, and entered a motion for a new hearing, which motion was refused by the court.   Exceptions were taken, and the case comes to this court by appeal.

Many errors are assigned.   The substance of the sixth, seventh and eighth instructions is that the court erred in refusing the motion for a new hearing; and inasmuch as this case will have to be heard again in the Circuit Court, we refrain from commenting on other errors assigned.

The motion for a re-hearing is based on the affidavit of Henry and Ashcraft, and is in substance as follows:  "The testimony in this case, both for Yarbrough and Elizabeth A. Hankins, was all taken in depositions.   The testimony of Dicey, Griffin and Elizabeth A. Hankins, as taken, is to the effect that Elizabeth A. Hankins never did willingly make an assignment of the said policy; never did deliver it, nor authorize any one else to do so; but through fear and under duress of her husband, she signed her name on the back of the policy.   That the commissioner who took the depositions failed and neglected to certify them to the Circuit Court; and that they were not on the records when the trial was had.   That previously to the sitting of this term of court, affiants, as attorneys for Mrs. Hankins, had a conference with the attorneys of Yarbrough, in

which affiants stated that by reason of a conflict in the time of holding the Circuit Court of Fayette and Bond counties, that affiants could not try this cause in Bond county at the regular term, and desired to make some arrangement to try in vacation, and were assured by attorneys for Yarbrough that there would be no trouble about that; that they would make an arrangement of that kind. This morning we telegraphed the attorneys that we would be down. This telegram they got before the case was called, and when it was called they insisted on a trial, as we are informed, representing to the court that we did not want to defend, or appear, or words to that effect.

"The cause was tried with the depositions for Yarbrough alone on file; and they were not read upon the trial, either by or to the court.

"Since the trial we have caused the depositions taken on the part of Mrs. Hankins to be filed in this court. We believe that if a trial could be had upon all the evidence, complainant in cross-bill could sustain said bill, or material portions of it."

There can be no question but what the testimony referred to in the affidavit was material to the issue. From this affidavit it sufficiently appears that there was an arrangement or understanding between the attorneys on both sides, that the cause should not be heard at the regular term. It also appears that when the case was reached on the docket, the attorneys for Yarbrough insisted on a trial, and in addition, stated to the court that the attorneys for appellant did not intend to appear or defend further.

The court should, upon this state of facts being made known, and not contradicted under oath, allowed a re-hearing at once. Every person is entitled to a day in court, and is not to be deprived of that privilege because of such a misunderstanding between counsel. Verbal statements made by the attorneys for Yarbrough, in open court, upon the motion for a re-hearing, are incorporated into the bill of exceptions. They are not sworn to, and are not properly any part of the record, and should not have been inserted in the bill of exceptions.

The record clearly shows a case where injustice may have been done, and where the decree should have been vacated;

therefore the judgment of the court below is reversed, and the cause remanded, with instructions that a new hearing be allowed.

Reversed and remanded.